IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIE E. MAPP,**

    **Petitioner,**

    **v.**

**NORTH CENTRAL CORRECTIONAL COMPLEX,**

    **Respondent.**

    **CASE NO. 2:16-CV-00761**
    **JUDGE GEORGE C. SMITH**
    **Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.  In addition, Petitioner's Motion to proceed *in forma pauperis* is **DENIED** as **MOOT** because he paid the required fee.  (Doc. 1 (noting receipt of payment)).

**I.**    **FACTS AND PROCEDURAL HISTORY**

On November 16, 2010, a jury in the Union County Court of Common Pleas convicted Petitioner of eight counts of sexual battery.  The facts of the case are not particularly important in deciding the matter before the Court.  It is enough to say that Petitioner was convicted of eight counts of sexual battery based upon the fact that, while serving as a corrections officer, he forced several female inmates into a restroom and directed them to perform oral sex on him.  *State v. Mapp*, No. 14-10-34, 2011 WL 3890522 (Ohio Ct. App. Sept. 6, 2011).

The Ohio Court of Appeals affirmed Petitioner's convictions, *id.*, and the Ohio Supreme Court dismissed Petitioner's appeal, *State v. Mapp*, 961 N.E.2d 1139, 131 Ohio St. 3d 1462 (2012). Petitioner indicates that, on December 7, 2015, the appellate court affirmed the trial court's decision denying his motion to vacate void judgment. (Doc. 1, PageID# 2). Petitioner also asserts that, on April 20, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (*Id.*)

On July 25, 2016, Petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claims that he was denied due process and the right to equal protection; convicted in violation of the Double Jeopardy Clause; and denied the right to proper notification of post-release control when the trial court failed to hold an allied offense hearing as required under Ohio law prior to imposition of sentence, or to notify him of the five-year mandatory post-release control.

However, this is not Petitioner's first § 2254 petition regarding those convictions. He previously sought federal habeas relief, asserting a variety of constitutional claims. *See Mapp v. State of Ohio*, No. 2:12-cv-1039 (S.D. Ohio Aug. 20, 2013). On August 20, 2013, this Court dismissed his prior federal habeas corpus petition with prejudice. (*Id.* at PageID #: 786 (dismissing claims because Petitioner failed to demonstrate cause for his procedural default)).

This Court is without authorization to consider a successive habeas corpus petition absent authorization from the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2244 provides:

> (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The District Court determines whether a petition constitutes a successive petition prior to transferring the case to the Court of Appeals. *In re Smith*, 690 F.3d 809, 809 (6th Cir. 2012).

This action plainly constitutes a successive petition. A dismissal on the basis of procedural default operates as a decision on the merits for purposes of determining a second or successive petition. *See In re Cook*, 215 F.3d 606, 607–08 (6th Cir. 2000). That is what happened in 2013 with Petitioner's prior petition. *See Mapp*, No. 2:12-cv-1039, at PageID #: 786 (dismissing claims because Petitioner failed to demonstrate cause for his procedural default)). Moreover, Petitioner's claim could have been—but was not—raised in his prior habeas corpus petition.

Accordingly, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), this Court does not have jurisdiction to entertain this petition without of an order from the Court of Appeals authorizing the filing of such successive motion or petition. 28 U.S.C. § 2244(b)(3)(A);

*see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).  The Sixth Circuit succinctly described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*:

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

111 F.3d at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).  Because the Petition here is successive, the undersigned recommends transferring.

## II. CONCLUSION

The undersigned Magistrate Judge **RECOMMENDS TRANSFERRING** the instant petition to the Court of Appeals for the Sixth Circuit for authorization for filing pursuant to § 2244(b)(3)(A).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date:  August 19, 2016                               /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE